■ MIKE KISLEY, Respondent, v. REMARK BUILDING SERVICE COMPANY, INC., Appellant.— Judgment of the Supreme Court, Kings County, entered March 22, 1966, reversed, on the law and the facts, and new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff shall serve and file a written stipulation consenting to reduce the amount of the jury verdict in his favor from $72,000 to $35,000 and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. In our opinion, the amount of the verdict was excessive to the extent indicated. Beldock, P. J., Ughetta, Christ, Rabin and Munder, JJ., concur.

■ HARRY MEYER, Appellant, v. FORD MOTOR COMPANY, Respondent. HARRY MEYER, Appellant, v. RUSSELL KUZMACK, Respondent.— Judgment of the Supreme Court, Westchester County, entered March 2, 1966, the sole decretal provisions of which are in favor of defendant Ford Motor Company against plaintiff, affirmed, without costs. Appeals, insofar as taken by notices of appeal which state they are from (1) a portion of said judgment which dismissed the complaint as to defendant Kuzmack at the end of plaintiff's case and (2) an order of said court entered April 18, 1966, dismissed, without costs. Plaintiff was injured when defendant Kuzmack's car, in which plaintiff was a passenger, suddenly left the road and struck a stone wall. We find no error in the court's dismissal, at the end of the entire case, of plaintiff's claim against defendant Ford for negligent manufacture, or in the jury's verdict in favor of said defendant upon plaintiff's claim against it for breach of warranty. We accordingly affirm the judgment as to defendant Ford. As to the appeal from the "order" entered April 18, 1966, supposedly made upon a decision dated April 11, 1966, denying plaintiff's motion to set aside the verdict in defendant Ford's favor, no order was entered or made upon the decision. No appeal lies from a decision. As to defendant Kuzmack, were the judgment against him, we would reverse it as to him and order a new trial on the authority of *Pfaffenbach* v. *White Plains Express Corp.* (17 N Y 2d 132). Such, however, is not the case. The complaint was dismissed as to Kuzmack at the end of plaintiff's case and, although such dismissal is included in the preliminary recitals in the judgment, there are no decretal provisions in Kuzmack's favor in the judgment. Hence, with respect to Kuzmack, an appeal from the judgment does not properly lie. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.